UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

STEVEN MULKERN,

    Plaintiff,

v.                                          CASE NO.

MMAD COMPANY, LLC d/b/a IMAGINATION
MOUNTAIN, DAVE LANDRY,
and MARTA LANDRY

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED

Plaintiff, STEVEN MULKERN (hereinafter, "MULKERN"), by and through his undersigned counsel, files this, his Complaint for Damages against Defendants, MMAD COMPANY, LLC d/b/a IMAGINATION MOUNTAIN RESORT CAMPGROUND, DAVE LANDRY and MARTA LANDRY, and states as follows:

## INTRODUCTION

1. This is an action by Plaintiff to recover unpaid minimum wages under the Fair Labor Standards Act, as amended, 29 USC § 201 *et. seq,* (hereinafter "FLSA").

## JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 USC §216(b) and 28 USC §1331.

3. At all times pertinent to this Complaint, the Defendants operated a resort campground located in Cosby, Tennessee.

4. At all times pertinent to this Complaint, Defendants regularly owned and operated a business enterprise, respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 USC §203(r) and 203(s).

5. Plaintiff's work at the Defendants' campground involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce. These materials included tools, plumbing equipment, cleaning materials and other supplies necessary for operating a resort campground, and these materials were manufactured outside the State of Tennessee.

6. During the relevant time period, the Defendants employed at least two (2) other individuals besides the Plaintiff who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 USC §203(s)(1)(A)(i). These materials also included tools, plumbing equipment, cleaning materials and other supplies necessary for the operation of the Defendants' resort campground—and were manufactured outside the State of Tennessee.

7. During the period of Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

8. In addition to the foregoing, Plaintiff is entitled to the protections of the FLSA as he was "individually covered" by that statute. During his employment, he was required to use instrumentalities of interstate commerce on a regular and recurrent basis. Plaintiff used instrumentalities of interstate commerce (telephone/broadband) on a regular and recurrent basis to, *inter alia,* assist in operating the Defendants' campground.

9. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity in the Court's jurisdictional district.

10. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Court's jurisdictional district.

## VENUE

11. The venue of this Court over this controversy is based upon the following:

a. The unlawful employment practices alleged below occurred and/or were committed within this judicial district;

and,

b. Defendants were and continue to be a corporation and individuals doing business within this judicial district.

## PARTIES

12. At all times material hereto, the Plaintiff was a resident of Tennessee and was an "employee" of the Defendants within the meaning of the FLSA.

13. At all times material hereto, the Defendants were conducting business in Cosby, Tennessee.

14. At all times material hereto, the Defendants were the employers of the Plaintiff.

15. At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

16. At all times material hereto, Defendants failed to pay Plaintiff's wages in conformance with the FLSA.

17. Defendants committed a willful, malicious, and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

18. At all times material hereto, the Defendants operated an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

20. Plaintiff has fulfilled all conditions precedent to the institution of this action, and/or such conditions have been waived.

## STATEMENT OF FACTS

21. In 2021 and 2022, IMAGINATION MOUNTAIN operated using workers known as "work campers."

22. IMAGINATION MOUNTAIN required its workers, known as "work campers," to work 28 hours per week. *See* **Exhibit A**.

23. From about June 20, 2021 to about June 1, 2022 (excepting several months in wintertime) the Plaintiff was employed by Defendants as a "work camper" to provide a variety of services related to the Defendants' operation of a resort campground, including but not limited to trash pickup, cleaning fire pits, upkeep of the grounds, guest hospitality, parking camper vehicles, plumbing, and other tasks requested by management or Defendants' guests.

24. While working at IMAGINATION MOUNTAIN, the Plaintiff was required to wear a uniform, consisting of a t-shirt containing the words, "Imagination Mountain," and "Resort Staff. You don't have to be crazy to work here, we will train you."

25. The Defendants failed to keep records in full compliance with the FLSA's recordkeeping requirements with respect to Plaintiff's employment.

26. During Plaintiff's employment, he worked between 28 and 40 hours per week.

27. During Plaintiff's employment, the Defendants failed to pay him *any* wages for hours worked.

28. Defendant DAVE LANDRY was a supervisor/manager involved in the day-to-day operations of the subject campground and was directly responsible for the supervision of the Plaintiff. Therefore, he is personally liable for the FLSA violations.

29. Defendant DAVE LANDRY was directly involved in the decision to have Plaintiff paid below the applicable minimum wage for hours worked.

30. Defendant MARTA LANDRY was a supervisor/manager involved in the day-to-day operations of the subject campground and was directly responsible for the supervision of the Plaintiff. Therefore, she is personally liable for the FLSA violations.

31. Defendant MARTA LANDRY was directly involved in the decision to have Plaintiff paid below the applicable minimum wage for hours worked.

32. Plaintiff has retained Bober & Bober, P.A. and Tahinci Law Firm PLLC to represent him in this litigation and has agreed to pay the firms a reasonable fee for their services.

<u>**STATEMENT OF CLAIM:**</u>

<u>**VIOLATION OF 29 USC § 206 (UNPAID MINIMUM WAGES)**</u>

33. Plaintiff realleges Paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

35. 29 USC § 206 requires that any employee covered by the FLSA be paid their minimum wages.

36. During Plaintiff's employment, the Defendants paid him less than the statutory minimum wage for all his work hours.

37. The Defendants acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiff.

38. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Date: August 9, 2022.

    Respectfully submitted,

    BOBER & BOBER, P.A.
    Lead Counsel for Plaintiff
    2699 Stirling Road
    Suite A-304
    Hollywood, FL 33312
    Phone: (954) 922-2298
    Fax: (954) 922-5455
    peter@boberlaw.com

    By:   /s/ Peter Bober
         PETER BOBER
         FBN: 0122955
         Pro hac vice application forthcoming

Filed by:

/s/ Alexis I. Tahinci
Alexis I. Tahinci
TN BPR No. 031808
Co-Counsel for Plaintiff
TAHINCI LAW FIRM PLLC
1227 Volunteer Pkwy
Suite 528
Bristol, TN 37620
Phone: (423) 840-1350
Fax: (423) 815-1728
alexis@tahincilaw.com