UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| STEVEN MULKERN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 2:22-CV-00094-JRG-CRW |
| | ) | |
| MMAD COMPANY, LLC d/b/a | ) | |
| IMAGINATION MOUNTAIN, DAVE LANDRY, | ) | |
| MARTA LANDRY, ADAM LANDRY, AND | ) | |
| CHRISTINA LANDRY, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT MOTION TO APPROVE FLSA SETTLEMENT**

The parties, by and through their respective counsel, move this Court to approve their settlement and thereafter to dismiss this case with prejudice. In support of this motion, the parties state as follows:

I. **PROCEDURAL BACKGROUND**

This case involved claims for alleged unpaid minimum wages pursuant to the FLSA. (Am. Compl., Doc. 28). Plaintiff Steven Mulkern filed suit alleging that Defendants were his employer and failed to pay him the minimum wage for all hours worked. Defendants denied that Plaintiff was their employee and denied that he is owed any wages.

The parties engaged in written discovery as to Plaintiff's claims and Defendants' defenses. However, in an effort to avoid the costs and uncertainties of further litigation, the parties have reached an agreement that fully resolves all matters in dispute between them. The parties' settlement agreement is attached hereto as **Exhibit 1**.

## II. LEGAL PRINCIPLES

There are two ways in which employees may settle claims under the FLSA. First, section 216(c) of the FLSA allows employees to settle their claims if the payment of unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c). Second, an employee may settle a FLSA claim in the context of a private lawsuit if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment after having determined that the settlement resolves a bona fide dispute and is fair and reasonable. *See Bartlow v. Grand Crowne Resorts of Pigeon Forge*, 2012 U.S. Dist. LEXIS 181808, at *3-4 (E.D. Tenn. Dec. 12, 2006); *Dillworth v. Case Farms Proc., Inc.,* 2010 U.S. Dist. LEXIS 20446, at *12-13 (N.D. Ohio Mar. 8, 2010). *But see Askew v. Inter-Continental Hotels Corp.*, No. 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (holding FLSA does not require district court approval of private FLSA settlement). A district court should approve a settlement if it is (i) reached as a result of contested litigation, and (ii) a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982). Both requirements are satisfied here.

## II. TERMS OF SETTLEMENT AGREEMENT

Defendants, jointly and severally, have offered to pay Plaintiff all minimum wages and liquidated damages he claims is owed, as well as reasonable attorney fees and costs to his counsel, in full satisfaction of Plaintiff's claims. The parties agree that if the matter were to proceed to trial, Plaintiff may receive and/or Defendants may be ordered to pay more or less than the amount having now been agreed to by the parties. Moreover, the parties agree that the amount of Plaintiff's net recovery is a fair and reasonable representation of what he could receive at trial without regard to attorney fees, assuming he prevailed.

There remains a bona fide dispute regarding several material issues, including whether Plaintiff was Defendants' employee and therefore entitled to the FLSA's minimum wage. The settlement reflects a reasonable compromise of these disputed issues and resulted from arms-length negotiations occurring between experienced legal counsel.

### III. CONCLUSION

Based on the foregoing, the parties respectfully request that the Court approve the parties' executed settlement agreement and thereafter dismiss this matter with prejudice. The parties request that the Court retain jurisdiction to enforce the terms of the settlement.

RESPECTFULLY SUBMITTED:

| | |
|---|---|
| *s/ Jesse D. Nelson* | *s/ Peter Bober* |
| JESSE D. NELSON (BPR #025602) | PETER BOBER, ESQ. (*Pro Hac Vice Counsel*) |
| CLINT J. COLEMAN (BPR # 038413) | BOBER & BOBER, P.A. |
| NELSON LAW GROUP, PLLC | 2699 Stirling Road, Ste. A304 |
| 10263 Kington Pike | Hollywood, FL 33312 |
| Knoxville, TN 37922 | (954) 922-2298 |
| jesse@nlgattorneys.com | peter@boberlaw.com |
| clint@nlgattorneys.com | |
| | ALEXIS I. TAHINCI |
| *Attorneys for Defendants* | TAHINCI LAW FIRM, PLLC |
| | 105 Ford Ave., Ste 3 |
| | Kingsport, TN 37663 |
| | (423) 840-1350 |
| | alexis@tahincilaw.com |
| | |
| | *Attorneys for Plaintiff* |